IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEONARDO GREGORIO, )<br>    Plaintiff/Counter-Defendant )<br>                        )<br>v.                     )<br>                        )<br>YELLOW TRANSPORTATION, INC., )<br>    Defendant/Counter-Plaintiff )<br>_____ )<br>                        )<br>                        )<br>YRC f/k/a YELLOW TRANSPORTATION INC., )<br>    Third-Party Plaintiff )<br>v.                     )<br>                        )<br>HVM, LLC, EXTENDED STAY HOTELS, )<br>LLC, AND EXTENDED STAY AMERICA, INC., )<br>    Third-Party Defendants. ) | No. 08 C 6257<br><br>The Honorable William J. Hibbler |

## MEMORANDUM OPINION AND ORDER

    Leonardo Gregorio sued Yellow Transportation, Inc. ("YRC") after suffering an injury during a delivery made by YRC. Gregorio alleges that a YRC driver coerced him into helping unload a flat-screen television from the YRC truck and that the driver's negligence caused his injury. YRC responded with a counterclaim against Gregorio and a third-party complaint against his employer, HVM, LLC. Gregorio and HVM move to dismiss YRC's spoliation claim against them.

    On June 10, 2008, Gregorio worked as the district manager at an Extended Stay Hotel in Romeoville, Illinois. On that day, a YRC employee arrived at the Hotel to deliver a television set. The YRC driver could not, however, unload the television by himself and requested that Gregorio provide an employee to assist him. When Gregorio informed the driver that he did not have any maintenance

1

workers to help remove the television from the truck, the driver allegedly became disruptive and threatened to abandon the television in the Hotel's parking lot.

Gregorio then agreed to assist the driver in the delivery of the television. According to Gregorio, the driver pushed the television from the truck onto his right arm and body, causing a rupture of his right biceps tendon and an injury to his lumbar disk.

In its spoliation claim, YRC alleges that the discussion between Gregorio and its driver occurred in the Hotel's lobby and that the Hotel recorded activities in the lobby with a recording system. YRC alleges that a videotape records activity for 24 hours and then is maintained for 30 days before being used again. YRC alleges that Gregorio and HVM breached a duty to preserve a videotape that recorded the activities in the hotel's lobby because the video would provide evidence that would defeat Gregorio's claims against it.

Under the notice-pleading requirements of the Federal Rules of Civil Procedure, a complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although a complaint need not provide detailed factual allegations, mere conclusions and a "formulaic recitation of the elements of a cause of action" will not suffice. *Bell Atlantic*, 127 S.Ct. at 1964-1965. A complaint must include enough factual allegations to "raise a right to relief above a speculative level." *Bell Atlantic*, 127 S.Ct. at 1965. "After *Bell Atlantic*, it is no longer sufficient for a complaint 'to *avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir.2008) (quoting *Equal Employment Opportunity Comm'n v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir.2007)). A claim has facial

2

plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ---U.S. ----, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Under Illinois law, spoliation is not an independent cause of action, but rather a form of negligence. *Boyd v. Travelers Ins. Co.*, 166 Ill.2d 188, 193-95, 652 N.E.2d 267 (1995); *Midwest Trust Servs, Inc. v. Catholic Health Partners Servs.*, 329 Ill. App. 3d 204, 210, 910 N.E.2d 638 (2009); *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 509-510 (7th Cir. 2007). Accordingly, a plaintiff must plead that the defendant has a duty to preserve the evidence, a breach of that duty, causation, and damages. *Midwest Trust Servs., Inc.*, 329 Ill. App. 3d at 210; *Borsellino*, 477 F.3d at 509-510. Both HVM and Gregorio argue that YRC has not adequately pleaded that they owed it a duty to preserve the videotape of the lobby.

Generally, Illinois imposes no duty to preserve evidence. *Boyd*, 166 Ill.2d at 195. In certain circumstances, however, a duty can arise. *Id.* The Illinois Supreme Court has set forth a two-prong test to determine whether a party has a duty to preserve evidence. *Dardeen v. Kuehling*, 213 Ill.2d 329, 335, 821 N.E.2d 227 (2004). First, a party must establish that a duty to preserve arose by agreement, contract, statute, or special circumstances. *Boyd*, 166 Ill.2d at 195. A party may also establish that the duty arose where a party, by its conduct, voluntarily assumed a duty to preserve the evidence. *Id.* Second, a party must establish that "a reasonable person should have foreseen that the evidence was material to a potential civil action." *Dardeen*, 213 Ill.2d at 337.

In its counter-claim and third-party complaint, YRC does little more than recite formulaically the elements of its claim. With regard to Gregorio's duty, YRC alleges only that Gregorio's "failure to notify [HVM] breached his duty to preserve" the videotape of the hotel lobby. YRC's allegations

3

with regard to HVM are similarly sparse, alleging only that after it learned of Gregorio's injury, HVM breached a duty to preserve the videotape of the hotel lobby.

YRC argues that it has adequately pleaded that Gregorio and HVM had a duty to preserve the videotape of the hotel lobby because each of them voluntarily assumed a duty to preserve the videotape. In support, YRC suggests that the question of whether a person voluntarily assumes a duty to preserve evidence turns upon actual possession and control over the evidence in question.

The Court disagrees. The Illinois Supreme Court has never set forth so broad a test to describe a voluntary undertaking. Instead, the Illinois Supreme Court has required that a person gratuitously undertake a duty for another's benefit before finding that a person voluntarily assumed a duty. *See Dardeen*, 213 Ill.2d at 338; *Miller v. Gupta*, 174 Ill.2d 120, 129, 672 N.E.2d 1229 (1996). In *Miller*, the Illinois Supreme Court noted that a plaintiff who had pleaded that her attorney had requested a doctor take x-rays, to be used for her benefit and to preserve them for her benefit. *Miller*, 174 Ill.2d at 129. The Court held that because *Boyd* had recently announced the standard for a negligent spoliation claim, the plaintiff should have been allowed to amend her claim to plead the existence of a duty. *Id.* In *Dardeen*, on the other hand, the Court observed that the plaintiff had not requested that the defendant preserve evidence for his benefit. *Dardeen*, 213 Ill.2d at 338. In fact, "no Illinois court has held that a mere opportunity to exercise control over the evidence at issue is sufficient to meet the relationship prong." *Id.* at 339.

Indeed, YRC's definition of a "voluntary undertaking" would cause the exception to swallow the rule. Under YRC's definition, any person with actual possession of evidence and actual control of evidence would have "voluntarily assumed" a duty to preserve that evidence for any foreseeable litigation. Mere knowledge of a potential litigation, however, is not sufficient to give rise to a duty.

4

*Brunsfield v. Mineola Hotel & Rest., Inc.*, 119 Ill. App. 3d 337, 342, 456 N.E.2d 351 (1983). A party voluntarily assumes a duty when it agrees to undertake a particular task for the benefit of another person. *Fichtel v. Bd. of Directors of River Shore of Naperville Condominum*, 389 Ill. App. 3d 951, 962, 907 N.E.2d 903 (2009); *Dorge v. Martin*, 388 Ill. App. 3d 863, 867-6, 905 N.E.2d 327 (2009); Restatement (Second) Torts § 323.

In this case, YRC pleaded no facts to suggest that Gregorio or HVM taped the hotel lobby for its benefit. Nor has YRC pleaded any facts to suggest that Gregorio or HVM somehow acceded to a request to preserve the videotape of the lobby for its benefit. YRC's allegation that Gregorio and HVM had a duty to preserve the videotape of the lobby is purely speculative. YRC has offered nothing other than a formulaic recital of the element at issue, which does not pass the standard set forth in *Bell Atlantic*. The Court GRANTS both Gregorio's and HVM's Motion to Dismiss YRC's spoliation claim.

IT IS SO ORDERED.

_____  
Dated 11/2/09

_____  
Hon. William J. Hibbler  
United States District Court

5